UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINIA NAJOO DYKES,

    Plaintiff,

v.   Case No: 2:21-cv-626-JES-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. #20), filed on August 1, 2022, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed Objections to the Report and Recommendation (Doc. #21) on August 12, 2022. The Commissioner filed a Response to Plaintiff's Objections (Doc. #22) on August 25, 2022.

**I.   Standard of Review**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

**II.  Procedural History**

Administrative Law Judge (ALJ) Johannes conducted a hearing on March 21, 2019. The ALJ heard testimony that Dykes was 47 years old, married with two sons, and a high school graduate with some college courses. Dykes has an alleged onset date of June 1, 2015. (Trs. 63, 66-67.) ALJ ruled against Dykes' claim, but on April 3, 2020, the Appeals Council sent the case back to the ALJ

to address a post-hearing consultative examination and to include specific limitations reflecting Dykes' mild to moderate difficulties in interacting with others and mental limitations. (Trs. 158-159.)

On remand, the ALJ held supplemental hearings to give further consideration of Dykes' residual functional capacity (RFC). Ultimately, the ALJ heard testimony from vocational expert (VE) A. Mark Capps. The VE testified that Dykes would not be able to perform past relevant work, but could work as a title assembler, small products, a title labeler, and an inspector, hand packer. After adding a sedentary exertional work limitation, the VE testified that Dykes could be a title table worker, addresser, and a sorter. Under the third hypothetical, the VE found no jobs would be available. (Trs. 97-99.)

On February 22, 2021, the ALJ issued a Decision finding that Dykes was not disabled through the date last insured. At Step One, the ALJ found that Dykes last met the insured status on December 31, 2018, and that she had not engaged in substantial gainful activity from the onset date through the insured date. At Step Two, the ALJ determined that Dykes had medically determinable impairments that significantly limited Dykes' ability to perform basic work functions, including supraventricular tachycardia, left knee degenerative joint disease, left adrenal adenoma, and bipolar

disorder through the insured date. At Step Three, the ALJ found that Dykes did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

At Step Four, the ALJ found that Dykes had the residual functional capacity to perform light work, except only the occasional climbing of stairs and ramps; never climbing ladders and scaffolds; frequent balancing or stooping; never kneeling, crouching or crawling; avoiding concentrated exposure to vibration; avoiding all exposure to moving mechanical parts and unprotected heights; understanding, remembering, and carrying out simple repetitive, reasoning level 1-2 tasks; and only occasional interaction with the general public, coworkers and supervisors, in a routine work setting with only occasional changes in the work routine. (Trs. 14-17.) At Step Five, the ALJ determined that Dykes was unable to perform any past relevant work, but that there were jobs in the national economy that Dykes could perform, including assembler, small products, labeler, and inspector and packer. (Trs. 22-23.) The Appeals Council denied a request for review on July 7, 2021. (Tr. 1.)

### III. Plaintiff's Objections

#### A. Dr. Bowman Consultative Report

Plaintiff objects to the ALJ's treatment of a consultative report by Dr. Paula Bowman. Plaintiff argues that the ALJ Decision relied on parts of Dr. Bowman's report but rejected other portions of the report without explanation. Plaintiff argues that the ALJ cannot ignore parts of Dr. Bowman's opinion that contradicts his own opinion without any explanation or support. (Id., p. 2.) The Commissioner argues that the factors of supportability and consistency were not raised first before the Magistrate Judge and should not be considered now. (Doc. #22, p. 2.) The Commissioner further argues that the ALJ need not mirror persuasive prior medical findings. (Id., p. 5.)

The Magistrate Judge found that the ALJ was not required to adopt the entirety of consultative psychologist Dr. Bowman's opinion because it was not controlling and "the regulations do not require ALJs to adopt every part of an opinion that they otherwise find persuasive." (Doc. #20, p. 11.) The Magistrate Judge found that the RFC limitations found by the ALJ were consistent with Dr. Bowman's opinion of moderate limitations because they limited plaintiff to simple tasks in a routine setting with only occasional changes and occasional interaction. (Id., pp. 11-12.) The Magistrate Judge concluded that any error at Step 2 and 3 were

harmless because the RFC is consistent with the record taken as a whole. (Id., p. 12.)

The Court finds that the ALJ's summary of Dr. Bowman's opinion is consistent with Dr. Bowman's findings of mild difficulties. The ALJ also cited to Dr. Bowman's evaluation in several places regarding plaintiff's ability to manage money, use social media, and follow written directions. (Tr. 16.) The ALJ considered that plaintiff could only occasionally interact with the general public, coworkers and supervisors in a routine work setting, which parameters are also consistent with Dr. Bowman. The Court finds that the ALJ properly supported the weight given to the report. The objection is overruled.

### B. VE's Testimony

Plaintiff objects that the VE presented no methodology and stated that he was not familiar with the methodology used in the materials he relied upon. Plaintiff argues that "the VE lacked knowledge of numbers of the jobs in the national economy because he took the job numbers from Job Browser Pro without having any personal knowledge of those numbers and without being familiar with the methodology used by the Job Browser software." (Doc. #21, p. 3.) Plaintiff objects that the Magistrate Judge's report and recommendation was in direct violation of Goode v. Comm'r of Soc. Sec., 966 F.3d 1277 (11th Cir. 2020). The Commissioner argues

that plaintiff's reliance on Goode is "inapposite" and there "simply was no error." (Doc. #22, pp. 7, 8.)

During cross-examination of the VE Capps, counsel asked about his source for numbers.

> Q So, you just get the numbers from them? You don't really know how they come up with them?
>
> A Well I've even got one better than that. I've got a program that is an electronic Dictionary of Occupational Titles called SkillTRAN -- made by SkillTRAN called Job *Browser*, and it's just an electronic Dictionary of Occupational Titles with a few ether bells and whistles, but one of the nice whistles is they do build in that published data into the program, and so when I'm looking for a job to present in Court, and there's a path where you can ask the number of jobs for this DOT Code in the United States, as published by the U.S. Department of Labor.
>
> Q Do you know how SkillTRAN is able to come up with a specific number for a DOT Code relying on Bureau of Labor Statistics' numbers?
>
> A You'd have call SkillTRAN to how they program that in there, but that's all I understand.
>
> Q Okay. So you're not really an expert in job numbers are you?
>
> A No, no, not at all, I -- well that's a totally different area of expertise, I'm sure, to gather that information and work for the BLS.
>
> ATTY: All right. Your Honor, I have no further questions. I object to the testimony regarding job numbers if it's not provided by an expert. Additionally, the testimony regarding SVP 1 and SVP 2 being defined identically in the DOT is incorrect.

(Tr. 101.) The ALJ further questioned the VE to clarify his response. (Tr. 101-103.) In the Decision, the ALJ overruled the objections to the testimony and qualifications of the VE, and noted in the Decision:

> Further, an ALJ's reliance on the VE's testimony regarding the number of relevant jobs in the national economy is proper. An ALJ may take administrative notice of any reliable job information, including information provided by a VE. *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995). A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). In determining the complex issue of the numbers of jobs available in the national economy in a particular occupation, the use of the services of a vocational expert are proper (20 CFR 404.1566(e); 20 CFR 416.966(e); SSR 00-4p). A Vocational Expert's testimony must be based on estimates by its very nature. The social security scheme does not contemplate that vocational experts will have the benefit of actual market surveys for each case in which they testify. *Farrin v Barnhart* 2006 WL 549376 (D.ME).

(Tr. 11.)

The Magistrate Judge noted VE Capps' educational background and experience in vouching for the software as a reliable instrument for estimated job numbers. (Doc. #20, p. 13) (citing Tr. 551). The Magistrate Judge found that the unrebutted testimony supplied substantial evidence in support of the ALJ's findings. (Id., p. 15.) The Magistrate Judge referenced Goode

for the standard of review, "[b]ut a vocational expert's testimony will fail to supply substantial evidence in support of an ALJ's unfavorable step-five finding if the claimant demonstrates at the hearing that the expert's methodology contains several significant mistakes and thereby lacks a 'baseline of reliability.'" (Doc. #20, p. 13) (citing Goode v. Comm'r of Soc. Sec., 966 F.3d at 1285).

In Goode, the Eleventh Circuit considered two approaches available to a vocational expert, the second of which "approximates job numbers using a software program known as JobBrowser Pro from SkillTRAN, which interprets available data." Goode, 966 F.3d at 1284.

> This is not a case in which the claimant failed to challenge or question the vocational expert's methodology or job numbers. See Shaibi v. Berryhill, 883 F.3d 1102, 1110 (9th Cir. 2017) ("It is enough to raise the job numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a [vocational expert's] estimated job numbers[.]").

Id. at 1284 n.3. Plaintiff, through a representative, had the opportunity to examine the VE and question his ability to provide testimony as to job numbers. The objection will be overruled.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #20) is **accepted and adopted** by the Court.

2. Plaintiff's Objection (Doc. #21) is **OVERRULED**.

3. The Decision of the Commissioner of Social Security is **affirmed**.

4. The Clerk of the Court shall enter judgment accordingly, terminate all pending motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of August 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell
U.S. Magistrate Judge

Counsel of Record